UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROSELANDE MOISE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:25-cv-00578-JAW |
| | ) |
| KEVIN JOYCE, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Finding the government's detention of a noncitizen violates due process, the court grants the noncitizen's petition for writ of habeas corpus and orders the government provide the noncitizen a bond hearing within fourteen days and release her pending the bond hearing subject to the release conditions from the government's December 2023 order of release on recognizance.

**I.   PROCEDURAL HISTORY**

On November 19, 2025, alleging her immigration detention violates federal law and the United States Constitution, Roselande Moise, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *Pet. for Writ of Habeas Corpus* (ECF No. 1) (*Pet.*).  On November 20, 2025, the Court ordered Respondents to show cause why Ms. Moise's petition should not be granted.  *O.S.C.* (ECF No. 5).  On November 24, 2025, Respondents filed their response, opposing Ms. Moise's petition.  *Return and Resp. to O.S.C. in Opp'n to Pet. for Writ of Habeas Corpus* (ECF No. 7) (*Opp'n*).  Ms. Moise filed her reply on December 19, 2025.  *Pet'r's Reply to Resp. to O.S.C.* (ECF No. 10) (*Reply*).

On December 15, 2025, the Court held a telephone conference of counsel. *Min. Entry* (ECF No. 9). The parties agreed there are no factual disputes for the Court to resolve in this matter and stipulated to the facts in Ms. Moise's verified petition and its exhibits. The parties also agreed to forgo either an evidentiary hearing or oral argument, allowing the Court to resolve this matter on the parties' briefing only.

## II.   THE FACTUAL RECORD[1]

Ms. Moise is a Haitian citizen who has resided in the United States since entering the country on December 6, 2023. *Pet.* ¶ 2. Upon entry into the United States, Ms. Moise was placed into removal proceedings. *Id.* ¶ 18. On December 7, 2023, U.S. Department of Homeland Security (DHS) issued Ms. Moise a notice to appear and an order of release on recognizance, both of which Ms. Moise refused to sign. *Id.* ¶¶ 18-19; *id.*, Attach. 1 (*Notice to Appear*) and Attach. 2 (*Order of Release*). On November 4, 2025, law enforcement detained Ms. Moise and, on the following day, transferred her to ICE custody. *Id.* ¶ 4. Although Ms. Moise intends to request a bond hearing before an Immigration Judge, she anticipates being denied. *Id.* ¶ 23.

## III.   THE PARTIES' POSITIONS

### A.   Roselande Moise's Petition for Writ of Habeas Corpus

Ms. Moise alleges her detention violates the Immigration Nationality Act (INA), as well as her right against unreasonable searches and seizures and her due process rights under the Fourth and Fifth Amendments of the United States

---

[1] For the purposes of Ms. Moise's petition for writ of habeas corpus, upon agreement of the parties, the Court reviews the relevant facts as pleaded in her verified petition and accompanying attachments.

2

Constitution, respectively. *Id.* ¶¶ 48-63. Ms. Moise maintains she is illegally categorized as a mandatory detainee pursuant to 8 U.S.C. § 1225(b)(2), rather than a discretionary detainee under § 1226(a) who is entitled to a bond hearing before an Immigration Judge. *Id.* ¶¶ 48-61. Pointing to recent Board of Immigration Appeals precedent she interprets as likely foreclosing her request for a bond hearing, Ms. Moise anticipates being denied a bond hearing in violation of her Fifth Amendment due process rights. *Id.* ¶¶ 23, 48-61. She seeks, inter alia, a writ of habeas corpus ordering her immediate release during her habeas proceedings, or any further relief the Court deems just and proper. *Id.* at 19.

### B.   Respondents' Opposition

In their opposition, Respondents maintain Ms. Moise is properly categorized as a mandatory detainee under § 1225(b)(2), as dictated by controlling agency precedent. *Opp'n* at 1-2. However, Respondents acknowledge that "recent caselaw from this Court [has] uniformly sustain[ed] challenges to DHS's interpretation of § 1225," though they submit Ms. Moise's case is substantially distinguishable. *Id.* 1-3 (collecting cases). Second, Respondents reject Ms. Moise's allegation that her detention violates the Fourth Amendment. *Id.* at 3-4. Respondents point to the valid I-200 administrative warrant ICE served Ms. Moise upon her arrest as sufficient evidence of probable cause for her arrest and detention. Additionally, even if her arrest was unlawful, Respondents maintain Ms. Moise's Fourth Amendment claim is foreclosed by District of Maine caselaw. *Id.* at 4 (citing *Rodrigues de Oliveira v. Joyce*, 2:25-cv-00291-LEW, 2025 U.S. Dist. LEXIS 125776, at *11 (D. Me. Jul. 2, 2025)).

### C. Roselande Moise's Reply

Ms. Moise's reply expands upon her due process argument that she is a discretionary detainee entitled to a bond hearing under § 1226(a), rather than a mandatory detainee under § 1225(b)(2). *Reply* at 3-7. She also restates her request that this Court order her immediate release. *Id.* at 8.

## IV. DISCUSSION

### A. Jurisdiction

As an initial matter, the Court concludes that it retains jurisdiction over Ms. Moise's habeas petition. "District courts are limited to granting habeas relief 'within their respective jurisdictions,'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)), and "with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" *Id.* (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)). Furthermore, "[u]nder habeas law, jurisdiction in a particular district is established when a petitioner is physically present in the district at the same moment a petition is filed there on his behalf." *Mahmoud Khalil v. Joyce*, No. 25-cv-01963 (MEF)(MAH), 2025 U.S. Dist. LEXIS 63573, at *7 (D.N.J. Apr. 1, 2025); *accord Rumsfeld*, 542 U.S. at 435 (2004); *United States v. Hayman*, 342 U.S. 205, 213 (1952); *Ahrens v. Clark*, 335 U.S. 188, 190 (1948). Here, the Court retains jurisdiction over this matter, because Ms. Moise filed her habeas petition when she was in custody in the District of Maine.

### B. The Merits

Because § 1225(b)(2) requires mandatory detention and 8 U.S.C § 1226(a) entitles Ms. Moise to a bond hearing with possibility of release pending the resolution of the immigration proceeding, it is dispositive to her due process claim to determine which statute applies. Consistent with the mass of recent caselaw addressing this question on similar facts, the Court concludes that § 1225(b)(2) is inapplicable to Ms. Moise, and she is therefore subject to discretionary detention under § 1226(a) and entitled to a bond hearing. Finally, considering the Court resolves Ms. Moise's petition based on her due process claim, the Court does not reach her Fourth Amendment claim.

### 1. Statutory Framework

Section 1225 applies to "applicants for admission," defined as a noncitizen "present in the United States who has not been admitted" or "who arrives in the United States." 8 U.S.C. § 1225(a)(1). Applicants for admission "fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) (plurality opinion). Relevant here is § 1225(b)(2).[2] Under § 1225(b)(2) "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that [the] alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall

---

[2] Section 1225(b)(1) subjects arriving noncitizens and "certain other" noncitizens "initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation" to expediated removal proceedings. *Jennings*, 583 U.S. at 287; 8 U.S.C. § 1225(b)(1)(A)(i), (iii). Noncitizens subject to expedited removal can avoid removal with successful asylum claims. However, if a noncitizen detained under § 1225 does not indicate an intent to apply for asylum, express a fear of persecution, or is "found not to have such a fear," he is detained until removed. *Id.* §§ 1225(b)(1)(A)(i), (B)(iii)(IV).

5

be detained" for the duration of removal proceedings. 8 U.S.C. § 1225(b)(2)(A). Thus, § 1225(b)(2) creates a mandatory detention scheme. *See Jennings*, 583 U.S. at 297 (2018) ("[N]either § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings").

By contrast, § 1226 governs the "usual removal process" with an evidentiary hearing before an immigration judge. *Dept. of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Section 1226(a) gives immigration authorities power to issue an administrative warrant and either continue detention for removal proceedings or release the noncitizen on "bond . . . or conditional parole." 8 U.S.C. § 1226(a)(1)-(2). Section 1226(a) thus "establishes a discretionary detention framework for noncitizens." *Gomes v. Hyde*, No. 1:25-cv-11571, 2025 Dist. LEXIS 128085, at *4-5 (D. Mass. Jul. 7, 2025). However, § 1226's discretionary detention regime has one exception: immigration authorities "shall take into custody" any noncitizen involved in certain enumerated criminal activities. 8 U.S.C. § 1226(c)(1). None of those criminal activities is at issue here.

Once arrested under § 1226(a), immigration authorities make an individualized initial custody determination after which they have discretion to release a noncitizen if the noncitizen can "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8) (2025). If the immigration officer opts for continued detention, the noncitizen may seek review of that decision at a bond hearing before an immigration judge. 8 C.F.R. § 236.1(d)(1)

6

(2025). At a bond hearing, the government bears the burden of proving "by clear and convincing evidence that [the noncitizen] poses a danger to the community" or "by preponderance of the evidence that [the noncitizen] poses a flight risk". *Hernandez-Lara*, 10 F.4th at 41. An immigration judge's decision to continue detaining a noncitizen may be appealed to the BIA. 8 C.F.R. § 236.1(d)(3).

In *Jennings*, the Supreme Court provided guidance on the difference between the statutes, explaining that § 1225(b)(2) "authorizes the Government to detain certain aliens *seeking admission* into the country under," while § 1226(a) "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis supplied); *see also id.* at 288 (explaining that, "once inside the United States" a noncitizen "*present in the country* may still be removed" under "Section 1226") (emphasis supplied)).

### 2. Applicability of Section 1226(a)

As Respondents concede, DHS initiated removal proceedings against Ms. Moise under 8 U.S.C. § 1226(a) on December 7, 2023. *Pet.* ¶ 31; *Order of Release*; *Notice to Appear*. Respondents, however, fail to present any convincing argument that their re-detention of Ms. Moise under § 1225(b)(2) does not violate due process. Accordingly, Ms. Moise is entitled to a bond hearing before an Immigration Judge, as required by § 1226(a). *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).

Most importantly, when DHS initiated removal proceedings against Ms. Moise subject to § 1226(a)'s discretionary detention scheme, "the government vested [Ms. Moise] with the rights that Congress guaranteed non-citizens in those proceedings."

*Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d, 128, 143 (W.D.N.Y. 2025) (citing *Augustin v. Sava*, 735 F.2d 32, 36-37 (2nd Cir. 1984)). Accordingly, because Ms. Moise "was originally detained under § 1226(a) when she entered" the country in 2023, "her more recent arrest should have been governed by § 1226(a) as well." *Lopez v. Trump*, No. 2:25-cv-863, 2025 U.S. Dist. LEXIS 233128, at *14-15 (D. Vt. Nov. 17, 2025) (citing 8 U.S.C. § 1226(a)-(b)).

Furthermore, as Respondents concede, recent decisions from district courts within the First Circuit and elsewhere have consistently rejected Respondents' interpretation of § 1225(b)(2)'s mandatory detention scheme under similar factual circumstances. *See Mercado v. Francis*, No.25-cv-6582 (LAK), 2025 U.S. Dist. LEXIS 232876, at *9-10, n.22 (S.D.N.Y. Nov. 26, 2025) (explaining that similarly situated petitioners "have prevailed, either on a preliminary or final basis, in 350 [out of 362] cases decided by over 160 different judges sitting in about fifty different courts spread across the United States") (collecting cases); *Lopez*, 2025 U.S. Dist. LEXIS 233128, at *6 (rejecting DHS's application of § 1225(b) mandatory detention to re-detain noncitizen originally released under § 1226(a)); *Caiza v. Scott*, No. 1:25-cv-00500-JAW, 2025 U.S. Dist. LEXIS 195270, at *7-8 (D. Me. Oct. 2, 2025) (collecting cases).

Finally, Respondents' efforts to distinguish the facts of Ms. Moise's case do not change this conclusion. First, the issuance of an I-200 administrative warrant does not answer the threshold question of whether a noncitizen is subject to mandatory or discretionary detention under the INA. Rather, when a noncitizen is subject to discretionary detention, "[i]ssuance of a warrant is a necessary condition to justify

8

discretionary detention under section 1226(a)." *Chafla v. Scott*, 2:25-cv-00437-SDN, U.S. Dist. LEXIS 184909, at * 34 (D. Me. Sep. 21, 2025). Second, the fact that Ms. Moise "was arrested not pursuant to a traffic stop but in response to a report of domestic violence" similarly does not alter this conclusion, specifically because Respondents concede that Ms. Moise's alleged "criminal conduct does not appear to meet the prerequisite for mandatory detention under the Laken Riley Act," (i.e., § 1226(c)). *Opp'n* at 2-3. Section 1226(a)'s discretionary detention scheme therefore applies to Ms. Moise, and the Court turns to the substance of her due process claim.

### 3. Due Process

Because Ms. Moise is currently in the United States, she is "entitled to the full procedural safeguards of the Due Process Clause of the Fifth Amendment," *Sampiao v. Hyde*, No. 1:25-cv-11981-JEK, 2025 U.S. Dist. LEXIS 175513, at *25 (D. Mass. Sep. 9, 2025), which provides that she will not be "deprived of life, liberty, or property, without due process of law." U.S. CONST. am. V; *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (explaining "once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent"). As the petitioner, however, Ms. Moise bears the burden of demonstrating by a preponderance of the evidence that her detention violates the Due Process Clause of the Fifth Amendment. *See De Oliveira*, 2025 U.S. Dist. LEXIS 125776, at *8 (citing *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (collecting authority)).

To determine whether detention violates procedural due process, courts apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Chafla*, 2025 U.S. Dist. LEXIS 184909, at *29 (analyzing procedural due process challenge to the detention of noncitizen held pursuant § 1226(a) using the *Mathews* test); *Sampiao*, 2025 U.S. Dist. LEXIS 175513, at *26 (same); *Hernandez-Lara*, 10 F.4th at 27-28 (same). Under *Mathews*, a court must weigh the following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

        **a.**    **Private Interest**

In her petition, Ms. Moise asserts "the most elemental of liberty interests—the interest in being free from physical detention by [the] government." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the [Fifth Amendment's Due Process Clause] protects"). A noncitizen subject detained under § 1226(a) vindicates their due process rights through a bond hearing before an Immigration Judge who requires the government either to (1) prove by clear and convincing evidence that a noncitizen poses a danger to the community or (2) prove by the preponderance of the evidence

10

that they pose a flight risk in order to detain them throughout the pendency of their removal proceedings. *See Hernandez-Lara*, 10 F.4th at 41. In this case, Respondents have refused Ms. Moise the bond hearing she is guaranteed under § 1226(a) and have failed to meet their burden for her continued detention as due process requires. Ms. Moise has therefore clearly established the first *Mathews* factor weighs in her favor.

### b. Risk of Erroneous Deprivation

The second *Mathews* factor is "the risk of an erroneous deprivation of [Petitioner's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. The risk of erroneous deprivation is large where, as here, Respondents have made no showing that Ms. Moise presents any public safety or flight risk. Accordingly, the second *Mathews* factor also weighs heavily in her favor.

### c. Government Interest

Finally, the third *Mathews* factor considers the "Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* Respondents do not raise any governmental interest favoring Ms. Moise's continued detention without a bond hearing. *See Chafla*, 2025 U.S. Dist. LEXIS 184909, at *34 (identifying governmental interest in favor of immigration habeas petitioners' continued detention without a hearing as an "across-the-board application of an inapplicable statute"). In fact, the public interest weighs against detention without a hearing. *See Hernandez-Lara*, 10 F.4th at 33 (finding "unnecessary detention" of

noncitizens "imposes substantial societal costs"). Thus, the third *Mathews* factor weighs against Respondents and in favor of Ms. Moise.

V.     CONCLUSION

Finding Respondents' continued detention of Ms. Moise without a bond hearing violates federal law and the Fifth Amendment of the United States Constitution, the Court GRANTS Roselande Moise's Petition for Writ of Habeas Corpus (ECF No. 1) and ORDERS Respondents to release her from detention subject to the conditions contained in her December 7, 2023 order of release on recognizance until she receives a bond hearing pursuant to 8 U.S.C. § 1226(a)(2). The Court further enjoins Respondents from denying Ms. Moise a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to her and ORDERS Respondents shall provide Ms. Moise a bond hearing in accordance with 8 U.S.C. § 1226(a)(2) within fourteen days of the date of this order. Lastly, the Court ORDERS Respondents to file a status report within five days of Ms. Moise's bond hearing, stating whether Ms. Moise has been granted bond, and, if her request was denied, the reasons for that denial.

SO ORDERED.

/s/ John A. Woodcock, Jr.<br>
JOHN A. WOODCOCK, JR.<br>
UNITED STATES DISTRICT JUDGE

Dated this 5th day of January, 2026